# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RITA J. VANCE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0874**  (BOR Appeal No. 2046987)
(Claim No. 2008036052)

**DIGNITY HOSPICE**
**OF SOUTHERN WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rita J. Vance, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dignity Hospice of Southern West Virginia, Inc., by James Heslep and Gary Nickerson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2012, in which the Board reversed a March 1, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 26, 2011, decision denying Ms. Vance's request to add neurogenic bladder and urinary incontinence as compensable components of her claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Vance was injured on February 28, 2008, while caring for a combative patient. On March 26, 2008, the claims administrator held Ms. Vance's claim compensable for lumbosacral sprain. On November 3, 2008, Jerry Scott, M.D., performed an independent medical evaluation and noted that Ms. Vance has a history of urinary incontinence that predates her claim, but noted that she believes that her symptoms are more frequent following the February 28, 2008, injury. Ms. Vance eventually came under the care of Lawrence Wyner, M.D., who noted on February 1,

1

2010, that she reported experiencing a two-year history of urinary incontinence that began following a back injury in February of 2008. On June 7, 2010, Dr. Wyner stated that Ms. Vance's urodynamics are consistent with changes occurring as a result of a back injury and diagnosed her with a neurogenic bladder secondary to injury. On February 28, 2011, Rebecca Thaxton, M.D., performed a records review and concluded that the evidence of record does not support Ms. Vance's request to add neurogenic bladder and urinary incontinence as compensable components of the claim. She noted that Ms. Vance has a history of pre-injury bladder incontinence and also noted that Dr. Scott did not document any neurological deficits during his evaluation. She concluded that the evidence of record does not support a finding that Ms. Vance's back injury is the cause of her neurogenic bladder. On September 26, 2011, the claims administrator denied Ms. Vance's request to add urinary incontinence and neurogenic bladder as compensable components of the claim. On March 1, 2012, the Office of Judges reversed the September 26, 2011, claims administrator's decision and added urinary incontinence and neurogenic bladder as compensable components of the claim.

In its Order reversing the March 1, 2012, Order of the Office of Judges and reinstating the September 26, 2011, claims administrator's decision, the Board of Review held that the preponderance of the evidence fails to demonstrate that Ms. Vance's urinary incontinence and neurogenic bladder are causally related to the February 28, 2008, injury. Ms. Vance disputes this finding and asserts that the evidence of record demonstrates that the requested additional compensable components developed as a direct result of the February 28, 2008, injury.

The Office of Judges relied on the opinion of Dr. Wyner, who found a relationship between the February 28, 2008, lower back injury and Ms. Vance's neurogenic bladder. However, Dr. Wyner made no mention in his treatment notes of Ms. Vance's pre-existing urinary incontinence. The Office of Judges characterized this absence as an indication that the record is not clear whether Dr. Wyner was aware of Ms. Vance's pre-existing urinary incontinence. It appears that the Office of Judges failed to appreciate the notation in Dr. Wyner's treatment notes, dated February 1, 2010, in which Ms. Vance reported an onset of urinary incontinence after a February of 2008 injury. As was noted by the Board of Review, Dr. Scott, who evaluated Ms. Vance before she began treating with Dr. Wyner, recorded a history of urinary incontinence pre-dating the compensable injury. Additionally, the Board of Review relied on Dr. Thaxton's conclusion that the evidentiary record does not support the proposition that the compensable back injury is the cause of the neurogenic bladder in this case. We agree with the conclusions of the Board of Review, including its decision to reverse the March 1, 2012, Order of the Office of Judges and reinstate the September 26, 2011, claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman